# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:18-cr-00022-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| LAURISA D. HUTCHINS, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion Requesting Recommendation for *Nunc Pro Tunc* Designation" [Doc. 35].

In April 2018, the Defendant pled guilty in this Court to two counts of aggravated identity theft and one count of bank fraud. [Doc. 12]. In August 2018, this Court sentenced her to a total term of 72 months' imprisonment. [Doc. 26]. At the time of her sentencing, the Defendant had a charge of felony identity fraud pending in the State of South Carolina. [See Doc. 17 at ¶ 37]. Following her federal sentencing, the Defendant was sentenced to 36 months' imprisonment in South Carolina. [Doc. 35-3]. Upon the completion of her state sentence, the Defendant was transferred to the custody of the Federal Bureau of Prisons (BOP) to begin serving her federal sentence.

[See Doc. 35-1 at 3]. The Defendant is currently housed at FPC Alderson, and her projected release date is August 24, 2024.[1]

The Defendant now moves this Court for a recommendation to BOP regarding the designation of her place of imprisonment. [Doc. 35]. Specifically, she desires to have the BOP designate, *nunc pro tunc*, a state prison facility as her place of incarceration so that her time previously spent serving her state sentence can be counted as a credit to the service of her current federal sentence. [Id.].

Essentially, the Defendant is asking the Court to amend her Judgment to have her federal sentence run concurrently with any subsequently imposed state sentence. The Defendant, however, has stated no basis on which the Court can or should amend the Judgment in this case. In any event, the BOP, not the Court, has the authority to designate the location of an inmate's place of imprisonment. See 18 U.S.C. § 3621(b).

To the extent that the Defendant is seeking to have her previously-served state sentence be credited to her current federal sentence, the motion is also denied. The BOP, not the sentencing court, is responsible for computing a prisoner's credit. See United States v. Wilson, 503 U.S. 329, 335 (1992). For all these reasons, the Defendant's request for a

---

[1] See https://www.bop.gov/inmateloc (last visited Aug. 3, 2021).

recommendation from this Court regarding her facility designation or the calculation of her sentencing credit is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion Requesting Recommendation for *Nunc Pro Tunc* Designation" [Doc. 35] is **DENIED**.

**IT IS SO ORDERED.**

Signed: August 3, 2021

Martin Reidinger
Chief United States District Judge