THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:18-cr-00022-MR-WCM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| LAURISA DEVANE HUTCHINS. | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for Reduction of Sentence [Doc. 37] and the Defendant's letter [Doc. 38], which the Court construes as a supplement to the Defendant's Motion.

**I.   BACKGROUND**

In February 2018, the Defendant Laurisa Devane Hutchins was charged in a Bill of Indictment with 15 counts of bank fraud and 15 counts of aggravated identity theft. [Doc. 1]. In April 2018, the Defendant pled guilty pursuant to a written plea agreement to one count of bank fraud and two counts of aggravated identity theft. [Docs. 10, 12]. In August 2018, the Court sentenced her to a total term of 72 months of imprisonment. [Doc. 26]. The

Defendant is currently housed at FPC Alderson, and her projected release date is August 25, 2023.[1]

In November 2020, the Defendant filed a motion for compassionate release, arguing that her underlying health conditions place her at a higher risk for severe illness from COVID-19, and that her particular vulnerability to the illness was an extraordinary and compelling reason for an immediate sentence reduction. [Doc. 29]. The Court denied that motion on December 23, 2020. [Doc. 34].

The Defendant now moves again for a reduction in her sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). For grounds, the Defendant cites her effort at rehabilitation while incarcerated. [Doc. 37]. In her supplemental filing [Doc. 38], the Defendant cites additional programs that she completed while incarcerated, and she also requests the appointment of counsel.

## II.  DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of her sentence for "extraordinary and compelling

---

[1] See https://www.bop.gov/inmateloc/ (last visited Feb. 21, 2023).

reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, it is not evident from the face of the Defendant's motion that she has fully exhausted all of her administrative rights within the Bureau of Prisons. Nevertheless, the Court will proceed to address the merits of the Defendant's motion.

As is relevant here, the Court may reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A)(i) for "extraordinary and compelling reasons if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

Section 1B1.13 of the United States Sentencing Guidelines sets forth the Sentencing Commission's policy statement applicable to compassionate release reductions. See U.S.S.G. § 1B1.13. This policy statement, however, was adopted before the First Step Act, and the Sentencing Commission has not updated the policy statement to account for the fact that defendants are

3

now permitted to file their own motions for compassionate release. In light of these circumstances, the Fourth Circuit Court of Appeals has held that § 1B1.13 is no longer an "applicable" policy statement that constrains the discretion of the district courts in finding that "extraordinary and compelling reasons" exists to warrant a reduction in sentence. See United States v. McCoy, 981 F.3d 271, 282 (4th Cir. 2020) ("By its plain terms, . . . § 1B1.13 does not apply to defendant-filed motions under § 3582(c)(1)(A)"). Thus, this Court is "empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise." Id. at 284 (quoting United States v. Zullo, 976 F.3d 228, 230 (2d Cir. 2020). The Defendant bears the burden of establishing that he is eligible for a sentence reduction. United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016); United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014).

Here, the Defendant argues that her efforts at rehabilitation constitute extraordinary and compelling reason for a sentence reduction.[2] Specifically,

---

[2] The Defendant also mentions in passing that COVID-19 "within the BOP is still unmanageable and unpredictable." [Doc. 37 at 1]. To the extent that the Defendant is attempting to assert COVID-19 as a basis for her compassionate release request, this argument is rejected. As stated in the Court's previous Order, the BOP has taken significant measures to protect the health of its inmates, and the fact that the Defendant faces a potential risk of contracting the virus while incarcerated, without more, is not sufficient to justify the relief she requests. United States v. Raia, 954 F.3d 594, 597 (3d

4

she notes that she has received 26 certificates while incarcerated [see Docs. 37-1, 38-1 (certificates); that she has maintained clear conduct; that she has held a full-time trust fund job within the BOP; and that she has fully participated in the Financial Responsibility Program. [Doc. 37 at 1]. While the Defendant's rehabilitative efforts are commendable, the Court does not find such efforts to be so extraordinary as to warrant the extraordinary remedy of compassionate release. Moreover, Congress has specified that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C.A. § 994(t). For these reasons, the Court concludes that the Defendant has failed to establish an "extraordinary and compelling reason" for a sentence reduction under § 3582(c)(A)(1)(i).

Even if the Defendant could establish an extraordinary and compelling reason for her release, this Court still must consider the § 3553(a) factors, as "applicable," as part of its analysis of determining whether a sentence

---

Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.").

5

Case 1:18-cr-00022-MR-WCM   Document 39   Filed 03/07/23   Page 5 of 8

reduction is warranted. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).

As the Court previously noted [Doc. 34], the Defendant's crimes were very serious and were part of a lengthy fraudulent scheme that victimized numerous innocent people in multiple counties. The PSR included numerous victim impact statements showing how devastating the Defendant's crimes were for her victims. [Doc. 17: PSR at ¶ 7]. Additionally, the PSR indicates that the Defendant has a significant criminal history of forgery, financial card fraud, false pretenses, and identity theft convictions in Buncombe and Rutherford Counties from 2009 through 2013. [Id. at ¶¶ 25-30].

At sentencing, after considering all the facts and circumstances and applying the Section 3553 factors, the Court imposed a sentence on the bank fraud at the top of the advisory guideline range of 24 months, and then imposed the two identity theft sentences consecutively to one another as well as the bank fraud. This appropriately reflected the seriousness of the Defendant's crimes, and she has not demonstrated anything that causes the Court to reconsider and reduce that sentence now.

6

For all these reasons, the Court concludes that the need for the sentence to reflect the true extent and seriousness of the Defendant's offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence, and to protect the public from the Defendant's further crimes militate against a sentence reduction in this case.

In sum, the Court finds that there are no "extraordinary and compelling reasons" for the Defendant's release and that analysis of the relevant § 3553(a) factors continue to weigh in favor of her continued incarceration. Accordingly, the Defendant's second motion for compassionate release is denied.

The Defendant also moves for the appointment of counsel to represent her in connection with litigating her motion for compassionate release. The Defendant has no constitutional right to the appointment of counsel to file post-conviction motions. Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) (citing Coleman v. Thompson, 501 U.S. 722, 756-57 (1991)); Rouse v. Lee, 339 F.3d 238, 250 (4th Cir. 2003), cert. denied, 541 U.S. 905 (2004) (citing Pennsylvania v. Finley, 481 U.S. 551, 555-56 (1987) (no constitutional right to counsel beyond first appeal of right)). The Court may, in some circumstances, appoint counsel to represent a prisoner when the interests of

justice so require and the prisoner is financially unable to obtain representation. See 18 U.S.C. § 3006A(a)(2)(B). In the instant case, the Defendant has already filed a motion for compassionate release outlining the grounds for her motion. Accordingly, the Court concludes that the interests of justice do not require the appointment of counsel in this case. See United States v. Riley, 21 F. App'x 139, 141-42 (4th Cir. 2001).

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion for Reduction of Sentence" [Doc. 37], as supplemented [Doc. 38], is **DENIED**.

**IT IS SO ORDERED.**

Signed: March 7, 2023

Martin Reidinger
Chief United States District Judge